567 A.2d 660

**William J. LETTERI and Barbara A. Letteri, Husband and Wife, Appellants,**

**v.**

**Steven KUBIK and Ann Kubik, Husband and Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1989.

Filed Dec. 1, 1989.

Reargument Denied Jan. 10, 1990.

392

Kelly M. Tocci, Aliquippa, for appellants.

Edward A. Mihalik, Aliquippa, for appellees.

Before McEWEN, POPOVICH and MONTGOMERY, JJ.

PER CURIAM.

This is an appeal from a judgment entered on an order dismissing appellants' complaint on the ground that the court did not have jurisdiction over the non-resident defendants.  For the reasons below, we reverse.

Appellants entered into an agreement with appellees to purchase a residential dwelling in Center Township, Beaver County.  When appellants ultimately took possession of the residence, they discovered several latent defects which, appellants allege, resulted in damages to them in excess of $10,000.00.  Thereafter, appellants commenced this action alleging both breach of warranty and fraudulent misrepresentation of the defects in question.  Appellees asserted, by way of preliminary objections, that the court lacked personal jurisdiction in that appellees currently reside in Arizona.

The trial court agreed and dismissed the complaint. This appeal followed.

Appellants' complaint alleges that appellees falsely and fraudulently misrepresented the condition of the property with the intent to induce appellants to purchase it. Thus, appellants argue that Pennsylvania has personal jurisdiction over appellees pursuant to 42 Pa.C.S. § 5322(a)(3) which provides:

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

.     .     .     .     .

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

In dismissing appellants' complaint, the trial court relied on *Stepnowski v. Avery*, 234 Pa.Super. 492, 340 A.2d 465 (1975). *Stepnowski* involved a breach of contract claim in regard to the sale of a residence. The plaintiffs therein sought jurisdiction under the "doing business" section of the Pennsylvania long-arm statute.[1] This court held that an isolated sale of a personal residence by private individuals who thereafter become nonresidents is insufficient to meet the "doing business" requirement. The court noted that plaintiffs did not allege tortious conduct and therefore did not address the applicability of that section of the long-arm statute. *Stepnowski*, therefore, is not controlling.

The trial judge did not find that this distinction warranted a different result. Rather, he adopted the reasoning expressed in *Hutchko v. Coll*, 103 Mont.Co.L.R. 235 (1977), in which the trial court stated:

1. 42 Pa.C.S. §§ 8301–8311, repealed and replaced by 42 Pa.C.S. § 5322, effective June 27, 1978.

> We believe the statute was not intended to apply to isolated contractual transactions but rather to acts which are purely tortious.

We are unable to agree that jurisdiction under subsection (a)(3) depends on what kind of tort is alleged.

There do not appear to be any Pennsylvania appellate cases deciding this issue. We find guidance, however, in several federal court decisions interpreting the Pennsylvania long-arm statute. In *Allen Organ Co. v. Elka S.p.A.*, 615 F.Supp. 328 (E.D.Pa.1985), plaintiff Allen Organ brought a patent infringement action against Elka S.p.A., a corporation organized and doing business in Italy. The court found that jurisdiction was properly exercised because patent infringement is a tort and Allen Organ, a Pennsylvania resident, alleged harm from Elka's actions. Similarly, in *Techno Corporation v. Dahl Associates, Inc.*, 535 F.Supp. 303 (W.D.Pa.1982), plaintiff set forth a cause of action of intentional interference with prospective business relations, recognized as a tort in Pennsylvania. Noting that plaintiff had pleaded sufficient facts to establish a cause of action in tort, the court found that Pennsylvania law clearly provided for the exercise of personal jurisdiction.[2]

In both of these cases, the district court looked to the pleadings to determine whether the complaint set forth a cause of action in tort. Having established that tortious conduct was alleged, the court found jurisdiction proper under the long-arm statute. In both of these cases, the tortious conduct arose out of contractual transactions. However, that fact does not change the nature of the cause of action; it is still a tort which is the basis of the complaint. The plain language of the long-arm statute confers

**2.** In these cases, jurisdiction was premised on 42 Pa.C.S. § 5322(a)(4) "causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth" whereas appellant herein seeks jurisdiction under (a)(3) "causing harm or tortious injury by an act or omission in this Commonwealth." We do not believe the difference between the two subsections is significant in resolving the issue raised herein.

jurisdiction where tortious injury is alleged. We are unable to agree with the trial court that the statute applies to some but not all tortious injury.

This does not conclude our inquiry, however, for we must still determine if there exist certain minimum contacts with Pennsylvania such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In *VanNaarden v. Grassi*, 488 F.Supp. 720 (E.D.Pa.1980), which is markedly similar to the instant case, the court held that such contacts existed where the defendants entered into an agreement to sell their residence in Pennsylvania, thus accepting the benefits and protections of Pennsylvania law and where the actions complained of (the false and fraudulent misrepresentations) occurred prior to and at the time of settlement when defendants were still residents of Pennsylvania. We cannot conclude that either fair play or substantial justice are offended by the exercise of jurisdiction over these defendants nor are fair play or substantial justice served by permitting defendants to escape liability merely by moving to another state after they have committed acts resulting in tortious injury.

Order dismissing plaintiff's complaint is reversed and the judgment vacated; case remanded for further proceedings. Jurisdiction relinquished.

POPOVICH, Judge, dissenting.

I respectfully dissent from the Opinion of the majority. I do not believe that the Legislature, when enacting the long-arm statute, contemplated the result herein reached. I am convinced that the long-arm statute does not confer personal jurisdiction over non-residents in a dispute arising out of an isolated sale of a private residence. Consequently, I would affirm the decision of the court below.