# Arnold v. Lachman

*Daniel M. Frey* and *Thomas E. Miller,* for plaintiffs.

*Richard A. Bramhall,* for defendants.

SPICER, *P.J.,* February 5, 1991 — Defendants, who are Maryland residents, seek dismissal of this action for breach of contract. Defendants were purchasers in two agreements involving 59.398 acres in Conewago Township. There is no question that a residence was included in the sale, the purchase price for which was $375,000. When defendants were unable to perform according to an initial agreement, dated June 23, 1990, an addendum was added extending the time for settlement, so that defendants could sell their Maryland residence.

By their preliminary objections and supporting affidavit, defendants contend they executed all documents in Maryland and are not subject to service under 42 Pa.C.S. §5322.

The statute, insofar as applicable to this case, provides:

"(a) *General rule* — A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

"(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

"(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

"(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

"(5) Having an interest in, using, or possessing real property in this Commonwealth." 42 Pa.C.S. §5322(a)(1)(ii), (iv), (4) and (5).

Defendants properly have raised jurisdiction as an issue through preliminary objections. We are admonished to sustain such objections only if, after viewing evidence or allegations in the complaint in a light most favorable to plaintiffs, the case is clear and free from doubt. As moving parties, defendants have the burden of supporting their objections. The mere filing of preliminary objections does not necessarily raise the issue to a level requiring plaintiffs to rebut the allegations. Where, however, defen-

dants properly raise the issue it becomes incumbent upon plaintiffs to prove jurisdiction. *Scoggins v. Scoggins,* 382 Pa. Super. 525, 555 A.2d 1314 (1989). Normally, the issue is determined after some evidence has been produced but it may be decided on pleadings alone. *Id.; Letteri v. Kubik,* 389 Pa. Super. 391, 567 A.2d 660 (1989).

Analysis is twofold. The court must first determine a statutory basis for jurisdiction and then view all circumstances through a due-process perspective to determine if defendants could reasonably have anticipated being called before the courts of this jurisdiction. *Id.*

Plaintiffs contend that jurisdiction is vested in Pennsylvania by virtue of the following facts:

(1) The contract was for the sale of Pennsylvania real estate.

(2) Paragraph 9 of the complaint alleges that defendants intended to use the land not only for residential purposes but also "to engage in the business of breeding and selling Welsh ponies."

(3) Paragraph 10 states that defendants were able to obtain financing from Farm Credit of Adams County "due to the fact that defendants were going to engage in the above agricultural business."

(4) Not only did defendants execute the original contract, they signed an addendum which gained them time to sell their Maryland residence.

Sale of the residence was not a contingency. Financing was the sole condition and was satisfied.

Defendants contend, on the other hand:

(1) Both the contract and its addendum were executed by them in Maryland offices of Maryland brokers.

(2) They never intended to raise ponies as a business, only for pleasure.

(3) Financing was obtained because the land was primarily agricultural. At no time did they represent

to Farm Credit they intended to engage in an agricultural business.

The original contract is attached to the complaint. It is basically illegible. It states nothing about the character or intended use of the land. The sole pertinent provision describing the land indicated it was zoned residential.

Even taking plaintiffs' allegations as true, we do not find them sufficient to establish jurisdiction under the act, *supra,* (a)(1)(iv). It is clear that defendants never conducted business, as such. Intending to conduct business and conducting it are two different things. Plaintiffs did not sell a business. The question becomes whether this sales agreement is covered by the single-transaction provisions of subsection (a)(1)(ii), *supra.*

Authority in Pennsylvania is somewhat unsettled. Superior Court has decided the issue in a case involving a defendant who sold a residence and then moved. *Stepnowski v. Avery,* 234 Pa. Super. 492, 340 A.2d 465 (1975). After stating that the act, *supra,* was not intended to reach an occasional transaction between private parties, when the transaction is not incidental to their business activities, the court held that Pennsylvania had no jurisdiction over the former resident. This was despite buyer's claims that seller had failed to divulge facts about deficiencies in the home. As we will see, this case may have been eroded by later panel decisions, but its business-transaction holding comports with the general trend. (See discussion, *infra.*)

There is no indication that our sale was incidental to a business activity. If anything, the most that can be said about plaintiffs' allegations are that any business was incidental to a sale of a residence. The real estate is a type which is very popular in this day and time — a residence with some acreage. Almost all small estates involve some animals, but such

activity, even if some are periodically sold, does not necessarily amount to conducting a business. *Old Guard Mutual Insurance Co. v. Quigley,* 31 Adams L.J. 261 (1990). See also, *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990), which holds that the primary character of an enterprise is determinative, even though some aspects of a business are present (maintaining hospital personnel in Philadelphia was an educational, not business pursuit).

Neither party engaged in an ongoing business activity. Plaintiffs did not deal with defendants with the ultimate goal of selling ponies. Service cannot be justified under subsection (a)(1)(iv), *supra.*

There are indications that *Stepnowski v. Avery, supra,* may be of dubious precedential value. It involved, as we have noted, allegations that a seller failed to reveal conditions of the real estate. Several lower courts understandably interpreted the decision as covering cases of misrepresentation in residential sales. See, e.g., *Levin v. Kirschner,* 21 D.&C. 3d 366 (1981). This approach has proven erroneous. *Letteri v. Kubik, supra.*

Cases collected in 4 ALR 4th 955, III section (b) indicate that most jurisdictions hold buyers subject to jurisdiction under provisions similar to subsection (a)(5), *supra.* One case cited, *Bryan Manufacturing Co. v. Harris,* 459 N.E.2d 1199 (Ind. App. 1984), is illustrative. The Indiana court specifically held that a buyer of property which was not an ongoing business was not doing business, but was subject to jurisdiction because he became an equitable owner when the contract was signed. The analysis is that buyers avail themselves of the benefits of the forum state's laws. They may seek specific performance or damages. There should be, it is held, concomitant liabilities.

Collected cases in 4 ALR 4th 955, *supra,* indicate no difference in approach between buyers and sellers. Jurisdiction has been upheld over sellers who move from the jurisdiction. The Superior Court gave subsection (a)(5), *supra,* scant attention in *Stepnowski v. Avery, supra.* In footnote 4, Superior Court explained that it could justify dismissal on the basis that seller was no longer a resident. It termed this approach as too technical and opted for more general declarations of policy and purpose. It may well be that this holding binds us, but *Letteri v. Kubik, supra,* indicates that Superior Court may have shifted from its position. At any rate, that court has not ruled on situations involving buyers and we think the general trend should be followed.

It is clear that all requirements for jurisdiction are met. In the situation before us, defendants could certainly have expected to appear in a Pennsylvania court to answer the complaint filed against them.

Although our holding makes it unnecessary to consider whether subsection (a)(4), *supra,* applies, we decide that it does not validate jurisdiction. It is true, as plaintiffs suggest, that defendants' breach caused monetary damage to them, but this is true any time a resident is not paid. Cases involving business uphold plaintiffs' position, *Kenneth H. Oaks, Ltd. v. Josephson,* 390 Pa. Super. 103, 568 A.2d 215 (1989), but policy declarations in *Stepnowski v. Avery, supra,* dictate a different result for sales such as the one involved in this case.

## ORDER OF COURT

And now, February 5, 1991, defendants' preliminary objections are overruled. Defendants shall have 20 days to file an answer.