614 A.2d 1110

Steve KUBIK and Ann Kubik, husband and wife, Appellants,

v.

William J. LETTERI and Barbara A. Letteri,
husband and wife, Appellees.

Supreme Court of Pennsylvania.

Argued March 13, 1992.

Decided Sept. 16, 1992.

Edward A. Mihalik, Aliquippa, for appellants.

Keith R. McMillen, Kelly M. Tocci, Duplaga, Tocci, McMillen, Urick & Fouse, Aliquippa, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question presented is one of first impression: whether Section 5322(a)(3) of the Pennsylvania long-arm statute, 42 Pa.C.S. § 5322, confers personal jurisdiction over a non-resident defendant in a dispute arising out of an isolated sale of a private residence, and if so, whether the exercise of such in personam jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. For the reasons that follow, we find that Section 5322(a)(3) does confer personal jurisdiction in the instant case, and that such an exercise is constitutional.

In 1986, Appellees purchased from Appellants a private residence located in Center Township, Beaver County; Pennsylvania pursuant to an Agreement of Sale. At this time, both Appellants and Appellees were residents of the Commonwealth of Pennsylvania. Subsequent to the sale, Appellants moved to Arizona and have remained there ever since. After taking possession of the house, Appellees discovered several latent defects for which they are seeking damages in excess of $10,000.00.

On June 13, 1988, Appellees commenced an action against Appellants in the Court of Common Pleas of Beaver County, Civil Division, alleging both breach of warranty and fraudulent misrepresentation in connection with the sale of the house. In response, Appellants asserted, by way of a preliminary objection, that the court lacked personal jurisdiction over them because they were residents of Arizona. The trial court agreed and dismissed the complaint. On appeal, the Superior Court reversed the order dismissing Appellees' complaint, vacated the judgment and remanded the case for further proceedings. As this case presents an issue of great impor-

tance in this Commonwealth, this Court granted allocatur to consider it and determine the legislative intent regarding Section 5322(a)(3).

█ The question of whether a state may exercise in personam jurisdiction over a non-resident defendant must be tested against both the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[1] *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974 (1981).

Section 5322(a)(3) provides as follows:

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

. . . . .

(3) Causing harm or tortious injury in this Commonwealth by an act or omission in this Commonwealth.

42 Pa.C.S. § 5322(a)(3).

Although this Court has yet to address the scope of Section 5322(a)(3),[2] it is clear from the plain words of the statute that it applies to individuals. It is equally clear from the plain words of the statute that Section 5322(a)(3) confers in personam jurisdiction over an individual who causes harm or tortious

---

1. Although the early cases dealing with the assertion of personal jurisdiction over non-residents dealt with corporate defendants, the United States Supreme Court made it clear in *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), that the analysis and standards applied in corporate cases are equally well-suited and are thus applicable to cases dealing with individual defendants.

2. Appellees did not allege that Section 5322(a)(5), the statutory provision that permits the exercise of in personam jurisdiction over a non-resident defendant who has an interest in, used or possesses real property in Pennsylvania, confers jurisdiction over Appellants in this case. 42 Pa.C.S. § 5322(a)(5). Thus, we have no reason and decline to address the scope of that provision at this time.

injury in this Commonwealth by an act or omission in this Commonwealth.

In the instant case, Appellees allege that Appellants fraudulently misrepresented the condition of the house in order to induce Appellees to purchase it. Fraudulent misrepresentation is recognized as an actionable tort in Pennsylvania. *Savitz v. Weinstein*, 395 Pa. 173, 149 A.2d 110 (1959); *Neuman v. Corn Exchange Nat. Bank & Trust Co.*, 356 Pa. 442, 51 A.2d 759 (1947). Therefore, Appellants' alleged actions, if proved at trial, resulted in a tortious injury in this Commonwealth. In such a case, Section 5322(a)(3) confers personal jurisdiction over Appellants. In addition, Appellees allege that Appellants breached the warranty made to Appellees concerning the condition of the house and, in so doing, caused harm [3] to Appellees. Thus, the alleged breach, if proved at trial, caused harm to Appellees in this Commonwealth by an act or omission in this Commonwealth and, as such, supports the exercise of in personam jurisdiction pursuant to Section 5322(a)(3).[4]

3. Since Section 5322(a)(3) specifically makes reference to "harm" *and* "tortious injury", it can be inferred that the legislature considered the two terms distinct and intended that the harm required to confer in personam jurisdiction pursuant to Section 5322(a)(3) include economic harm as well as personal injury.

4. Appellants argue that Section 5322 does not confer personal jurisdiction over non-resident defendants in the instant situation based on *Stepnowski v. Avery*, 234 Pa.Super. 492, 340 A.2d 465 (1975) (isolated sale of personal residence does not satisfy the "doing business" provisions of the long-arm statute) and *Hutchko v. Coll*, 103 Montg.Co.L.R. 235 (1977), *aff'd per curiam*, 260 Pa.Super. 609, 394 A.2d 622 (1978) (isolated sale of personal residence does not satisfy the "doing business" provisions of the long-arm statute and provision of long-arm statute allowing jurisdiction over individuals who "committed a tortious act within the Commonwealth" was not intended to apply to isolated contractual transactions but rather to acts which are purely tortious). We disagree. *Stepnowski* and *Hutchko* were decided under the prior long-arm statute, 42 Pa.C.S. §§ 8301–11, which statute differed significantly from the long-arm statute at issue herein. Thus, *Stepnowski* and *Hutchko* do not control the instant case. Furthermore, the assertion of in personam jurisdiction in the instant case is not based on the "doing business" provision of the long-arm statute, rather it is based on the "causing harm or tortious injury" provision. In addition, we agree with the Superior Court that jurisdiction pursuant to Section

16

■ Having concluded that the statute itself confers in personam jurisdiction in the case *sub judice*, we must now determine whether due process requirements are satisfied. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects an individual's liberty interest by not allowing him to be subject to the jurisdiction of a foreign forum with which he has established no meaningful contacts, ties or relations. *Burger King*, 471 U.S. at 471–72, 105 S.Ct. at 2181, 85 L.Ed.2d at 540. In order for a state to assert in personam jurisdiction over a non-resident defendant, due process requires the defendant to have "certain *minimum contacts* with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (emphasis added).

■ A state may exercise in personam jurisdiction over a non-resident defendant based either upon the specific acts of the defendant which gave rise to the cause of action or upon the defendant's general activity within the state. When a state exercises personal jurisdiction over a non-resident defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404, 411 n. 8 (1984). In such a case, the relationship between the defendant, the forum and the litigation is the foundation of the in personam jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683, 698 (1977).[5] In Pennsylvania, specific jurisdiction may be asserted over non-

5322(a)(3) does not depend on what kind of tort is alleged. *Letteri v. Kubik*, 389 Pa.Super. 391, 394, 567 A.2d 660, 662 (1988).

5. On the other hand, "[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State [is] exercising 'general jurisdiction' over the defendant." *Helicopteros*, 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9, 80 L.Ed.2d at 411 n. 9. In such a case, due process is satisfied if the nature of the defendant's contacts with the forum are 'continuous and systematic.' *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

resident defendants "to the fullest extent allowed under the Constitution of the United States and may be based on the most *minimum contacts* with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b) (emphasis added). Specific jurisdiction is at issue in the present matter. Thus, the question becomes what minimum contacts suffice to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

In *Burger King Corporation v. Rudzewicz*, a Florida corporation commenced an action against a Michigan resident in the United States District Court for the Southern District of Florida alleging breach of contract and tortious infringement of the corporation's trademarks and service marks. The defendant argued that the court lacked personal jurisdiction over him. On appeal, the United States Supreme Court concluded that the assertion of personal jurisdiction over the non-resident defendant was constitutional. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528.

■ The standard which must be met by a state in asserting specific personal jurisdiction over a non-resident defendant as articulated in *Burger King* is clear: (1) the non-resident defendant must have sufficient minimum contacts with the forum state and (2) the assertion of in personam jurisdiction must comport with fair play and substantial justice. *Id.* The determination of whether this standard has been met is not susceptible of any talismanic jurisdictional formula: the facts of each case must always be weighed in determining whether jurisdiction is proper. 471 U.S. at 485–86, 105 S.Ct. at 2189, 85 L.Ed.2d at 549.

■ The Court held that the determination of whether sufficient minimum contacts exist for the assertion of in personam jurisdiction is based on a finding that the "defendant's conduct and [his] connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183, 85 L.Ed.2d at 542. Critical to the analysis of whether a defen-

18

dant should reasonably anticipate being haled into court in the forum state is the determination that the defendant purposefully directed his activities at residents of the forum and purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. Contacts with the forum that are "random," "fortuitous" or "attenuated" are not sufficient for the assertion of personal jurisdiction nor is unilateral activity in the forum by others who claim some relationship with the defendant. *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183, 85 L.Ed.2d at 542.

In reaching its decision, the Court stressed that an individual's contract with an out-of-state party *alone* cannot automatically establish sufficient minimum contacts in the other party's home forum. *Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185, 85 L.Ed.2d at 544–45. Rather, a consideration of the parties' prior negotiations, their contemplated future consequences, their actual course of dealing and the terms of the contract must be analyzed in order to determine whether the defendant purposefully established the requisite minimum contacts. *Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185, 85 L.Ed.2d at 545.

Notwithstanding the determination that a non-resident defendant purposefully established minimum contacts with the forum, in personam jurisdiction may only be asserted over a non-resident defendant when the nature and quality of that defendant's activities are such as to make it reasonable and fair to require him to conduct his defense in the state. *Burger King,* 471 at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543. Factors to be considered include (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184, 85 L.Ed.2d at 543.

Although it is clear that the determination of personal jurisdiction may not turn on "mechanical" tests, *Burger King*, 471 U.S. at 478, 105 S.Ct. at 2185, 85 L.Ed.2d at 545, courts often employ guidelines to aid in the determination of whether sufficient minimum contacts exist in any given case. In *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974), the Superior Court used the following three-pronged test to aid in the determination of whether sufficient minimum contacts existed to make the exercise of in personam jurisdiction over the non-resident defendant comport with due process:

First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. Secondly, the cause of action must arise from defendant's activities within the forum state. Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

*Proctor*, 228 Pa.Super. at 19, 323 A.2d at 15 (citations omitted).

There has been disagreement among the Justices of this Court concerning the usefulness of the *Proctor* three-pronged test. *See Kingsley and Keith (Canada) Ltd. v. Mercer International Corp.*, 500 Pa. 371, 456 A.2d 1333 (1983); *United Farm Bureau Mutual Insurance Co. v. United States Fidelity and Guaranty Co.*, 501 Pa. 646, 462 A.2d 1300 (1983). Although the *Proctor* three-pronged test has merit, we conclude that it is too "mechanical" to be upheld in light of *Burger King*. It is too narrow to adequately take into consideration the myriad of factors that must be considered in the determination of whether sufficient minimum contacts exist.[6] Fur-

6. In *Proctor*, the Superior Court held that the voluntary execution of a contract with a Pennsylvania corporation, which contract was to be governed by Pennsylvania law, was sufficient to satisfy the first prong of the three-pronged test. *Proctor*, 228 Pa.Super. at 21, 323 A.2d at 16. This holding failed to take into account the crux of the minimum contacts analysis articulated in *Burger King*, that the purposeful availment must be of such a nature that the defendant should reasonably anticipate being haled into court in the forum state. *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183, 85 L.Ed.2d at 542.

thermore, it obfuscates the distinction between the two issues: (1) whether sufficient minimum contacts exist and (2) whether, notwithstanding the fact that sufficient minimum contacts exist, the assertion of personal jurisdiction is fair and reasonable.[7] We now expressly adopt the more flexible approach advocated by the Supreme Court in *Burger King*.[8]

In the instant case, it is clear that sufficient minimum contacts exist between the Appellants and the Commonwealth to make the assertion of in personam jurisdiction constitutional. Appellants 'purposefully directed' their activities at Appellees, residents of the Commonwealth. Appellants voluntarily entered into a contract with Appellees to sell real estate located in Pennsylvania. Negotiations were held in Pennsylvania and the transaction was consummated in Pennsylvania. All of this was done while the Appellants resided in Pennsylvania and owned real estate in Pennsylvania. Thus, Appellants' contacts with Pennsylvania were not "random," "fortuitous" or "attenuated". Nor did they result from the unilateral activity of Appellees in the Commonwealth. Furthermore, Appellants purposefully derived benefit from their activities in Pennsylvania and, as such, it would be unfair to allow them to escape having to account in Pennsylvania for consequences resulting from such activities.

Appellants invoked the benefits and protections of Pennsylvania law. The deed was recorded in Pennsylvania. Title matters were resolved in reliance upon the real property records maintained in Pennsylvania. The zoning classification is determined by Pennsylvania law. It is thus reasonable to

7. The distinction is critical for, notwithstanding the fact that sufficient minimum contacts exist, there are times when the assertion of in personam jurisdiction is fair and reasonable "upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184, 85 L.Ed.2d at 544. On the other hand, "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King*, 471 U.S. at 477–78, 105 S.Ct. at 2185, 85 L.Ed.2d at 544.

8. We note that this approach has been applied by the Third Circuit Court of Appeals in *Mesalic v. Fiberfloat Corporation*, 897 F.2d 696 (3rd Cir.1990) and by our Superior Court in *Skinner v. Flymo, Inc.*, 351 Pa.Super. 234, 505 A.2d 616 (1986).

conclude that Appellants should have anticipated being haled into court in the Commonwealth to resolve a dispute arising out of their activities in the state.

We must now address whether the assertion of personal jurisdiction is reasonable and fair. There is no question that Pennsylvania has a strong interest in adjudicating a dispute involving real estate located in Pennsylvania. In addition, Pennsylvania has an interest in providing a means of redress for Appellees, its residents. Furthermore, if the allegations are proved at trial, Appellants intentionally caused harm and tortious injury in Pennsylvania to residents of Pennsylvania. Under such circumstances, it is manifestly reasonable for the defendants to be called to account for such injuries in Pennsylvania.

Appellees, plaintiffs in the suit, have an interest in obtaining convenient and effective relief. Witnesses called to testify as to the latent defects alleged to have been discovered by Appellees after their purchase of the house will obviously be more readily available in Pennsylvania. In fact, in the interest of fairness, it is imperative that Pennsylvania residents be able to seek relief in Pennsylvania for injuries sustained by them in Pennsylvania with respect to real estate located in Pennsylvania which injuries resulted from the actions of other Pennsylvania residents. A judicially sanctioned practice which would allow Pennsylvania residents who commit fraud in the buying and selling of property in Pennsylvania and who later move out of Pennsylvania to escape process in Pennsylvania would seriously undermine the orderly transfer of property in Pennsylvania.

Based upon the facts in this case, it cannot be said that several states share an interest in furthering fundamental substantive social policies. Nor can it be said that the interstate judicial system's interest in obtaining the most efficient resolution of controversies is at issue here. The dispute concerns real estate located in Pennsylvania. Other than Arizona's tangential interest in providing a forum for one of its citizens, the only state with an interest in this case is Pennsyl-

vania and we find Pennsylvania's interest to be substantial and paramount.

For all of the foregoing reasons, we conclude that the assertion of in personam jurisdiction over Appellants in Pennsylvania is permitted under Section 5322(a)(3) of the Pennsylvania long-arm statute and under the Due Process Clause of the Fourteenth Amendment.

Accordingly, we affirm the decision of the Superior Court and remand the case to the trial court for proceedings consistent with this opinion.

McDERMOTT, J., did not participate in the decision of this case.