COMMONWEALTH of Pennsylvania
Acting by Attorney General Gerald
J. PAPPERT, Plaintiff

v.

GPSC YACHTS, doing business as
GPSC Yachts, Greece, and Destinations Greece, and GPSC Yachts/Destinations Greece, and Kostis Konstandarakis, individually and as General
Manager of GPSC Yachts, Defendants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 19, 2004.

Decided April 8, 2005.

Thomas J. Blessington, Deputy Attorney General, Philadelphia, for plaintiff.

Richard P. Hackman, Philadelphia, for defendant, GPSC Yachts.

Kostis Konstandarakis, Athens, Greece, defendant, pro se.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Commonwealth of Pennsylvania, acting by former Attorney General Gerald J. Pappert through the Bureau of Consumer Protection (Commonwealth), filed a complaint in equity in this Court against GPSC Yachts, doing business as GPSC Yachts, Greece and Destinations Greece and GPSC Yachts/Destinations Greece (GPSC Yachts) and Kostis Konstandarakis, individually and as General Manager of GPSC Yachts [1] (together, Defendants). The complaint was filed pursuant to the Unfair Trade Practices and Consumer Protection Law, Act of December 16, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201–1–201–9.3 (Consumer Protection Law), under which the Attorney General may bring an action to restrain by temporary or permanent injunction unfair methods of competition and unfair or deceptive acts or practices declared unlawful therein.

Before being granted leave to withdraw, counsel for Defendants filed preliminary objections asserting that GPSC Yachts is a Greek company doing business in Greece and that it has not done and is not doing business in the Commonwealth; that Konstandarakis is a citizen of Greece, residing in Greece, and that he does not conduct business in the Commonwealth; and that any services provided to any citizen of the Commonwealth took place in Greece or in the Mediterranean Sea. In a brief in support of the preliminary objections, Defendants question whether the Court has in personam jurisdiction over these defendants under the act known as the Long–Arm Statute, Section 5322 of the Judicial Code, *as amended*, 42 Pa.C.S. § 5322, and whether the assertion of personal jurisdiction over these defendants is fair and reasonable and constitutional under the Fourteenth Amendment to the United States Constitution.

The Commonwealth stated in its complaint that GPSC Yachts is a business conducting trade and commerce within the Commonwealth, with a principal place of business in Athens, Greece, and that Konstadarakis, with addresses in Athens, controlled GPSC Yachts in whole or in part. In Count I of the complaint the Commonwealth alleged that Defendants entered into contracts with consumers agreeing to provide yacht charter vacations for them. A sample agreement, attached as Exhibit A to the complaint, specified that payments for the charter were to be made to GPSC Charters, Ltd. (GPSC Charters), in Philadelphia, Pennsylvania. Allegedly, Defendants accepted substantial payments from consumers for vacation trips and/or yacht charters that either ended abruptly before the agreed upon time or never took place, and Defendants failed to provide refunds.

1. GPSC originally stood for "Greek Private Sailing Club."

Specifically, Defendants cancelled approximately forty-five vacations for which they had received deposits from consumers totaling in excess of $180,000 from October 2002 to mid-July 2003, and they misled consumers with regard to quality and standards of certain yachts and other aspects of vacations, which were not up to standards advertised. Further, the complaint averred that GPSC Charters is or was an affiliate of GPSC Yachts, whose advertising indicated that it had affiliated offices in Greece and the United States to work exclusively with American charterers and that it was comprised of "our U.S. Staff" and "our Greek Staff," with Konstandarakis identified as "General Manager" of GPSC Charters. Complaint Exhibit B, Brochure for GPSC Charters.

An e-mail assertedly sent from GPSC Yachts to a consumer on July 22, 2003 stated that it had not been paid for the upcoming charter. Complaint Exhibit D. A letter from GPSC Charters dated July 31, 2003 and addressed to "All Clients" stated that the company had ceased operations but that all money paid to GPSC Charters had been forwarded to the vendor in Greece, and GPSC Charters could not make refunds, and a letter from counsel for GPSC Charters to all parties who contracted for a Greek charter stated that GPSC Yachts was refusing to honor its contractual obligations and was refusing to issue refunds. Complaint Exhibits E and F. The Complaint charged that such acts or practices of Defendants constituted unfair methods of competition and unfair acts or practices in the conduct of trade or commerce defined in Section 2 and prohibited in Section 3 of the Consumer Protection Law, 73 P.S. §§ 201–2 and 201–3, including causing the likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services and representing that goods or services have sponsorship, approval or characteristics that they do not have.

In Count II of its complaint the Commonwealth alleged that Defendants, through their advertisements, brochures and representations to consumers as well as their charter agreements, misled consumers as to the relationship between Defendants and GPSC Charters, sometimes indicating that GPSC Charters was merely acting as an agent for Defendants and sometimes leading consumers to believe that they were one and the same entity. The Commonwealth sought relief of an order enjoining Defendants from engaging in conduct that has the likelihood of causing confusion, from representing that goods or services have quality or affiliation that they do not have; requiring the Defendants to make full restitution; requiring them to pay a civil penalty of $1,000 for every violation of the Consumer Protection Law ($3,000 where the victim is age sixty or older); and requiring them to forfeit their right to conduct business in the Commonwealth until they have paid the fines and penalties.[2]

■ One of two statutory bases for jurisdiction over a non-resident corporation is specific jurisdiction provided in Section

---

**2.** The Court issued an order holding the preliminary objections filed by Defendants in abeyance and granting the parties ninety days, later extended, to take discovery on the issue of personal jurisdiction. Depositions relating to the issue of personal jurisdiction were taken in April 2004 of three persons involved in GPSC Charters: Cynthia Orr, Virginia Heyer and Georgios Tsirikos. On May 5, 2004, a telephonic deposition of Konstandarakis was conducted from Athens. The Commonwealth filed a supplemental brief based upon and attaching the discovery transcripts and documents; Defendants have not filed a supplemental brief.

5322 of the Judicial Code, based upon particular acts of a defendant that give rise to a cause of action as described in subsection (a), with the proviso in subsection (b) that courts' exercise of jurisdiction under the Long–Arm Statute conform with federal Constitutional requirements of due process. Such jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." *See Commonwealth by Pappert v. TAP Pharmaceutical Products, Inc.*, 868 A.2d 624 (Pa.Cmwlth. 2005). The Commonwealth relies upon the following provisions of Section 5322(a):

> **(a) General rule.**—A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> > (1) Transacting any business in this Commonwealth....
> >
> > . . . .
> >
> > (3) Causing harm or tortious injury by an act or omission in this Commonwealth.

▆▆▆ A state may exercise personal jurisdiction over a non-resident defendant only if "minimum contacts" exist between the forum state and the defendant of a sufficient quality so as not to offend notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Courts must consider whether a defendant's conduct with regard to and its connections to the forum state are such that the defendant can reasonably anticipate being haled into court there, considering in particular whether the defendant acted purposefully in directing its activities at the forum state or in availing itself of the privilege of conducting activities in the state and invoking the benefits and protections of the forum's laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). When a defendant engages in any of the acts enumerated in Section 5322(a), the statute will reach as far as the Due Process Clause of the Fourteenth Amendment of the Unites States Constitution permits. *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992). If it is determined that a party can reasonably anticipate being haled into court under the "purposeful availment" analysis, the next inquiry is whether requiring the non-resident to appear is reasonable and fair. *Id.*

Defendants argued in their brief in support of preliminary objections (submitted before discovery) that unilateral activity by others who claim a relationship with a defendant is not enough to assert jurisdiction over the defendant. *Kenny v. Alexson Equip. Co.*, 495 Pa. 107, 432 A.2d 974 (1981). The key is the conduct of the defendant. Defendants here assert that they had no place of business, no financial accounts or assets and no licenses or registration to do business in Pennsylvania. They assert that the facts are similar to relations between travel agents and cruise lines, where the agent books the vacations for consumers at out-of-state locations, which has been held by at least one trial court not to confer jurisdiction over the defendant. *Sanderman v. Costa Cruises, Inc.*, 55 Pa. D. & C.4th 328 (2001). Although some consumers may have responded to GPSC Yachts website advertising, posting information on an internet website does not confer personal jurisdiction. *Resnick v. Manfredy*, 52 F.Supp.2d 462 (E.D.Pa.1999). Even if there were found to be sufficient minimum contacts, Defendants maintain that it would not be fair and reasonable to assert personal ju-

risdiction as they reside in Greece and provided services in Greece. Further, they allege that there is a separate and independent Pennsylvania corporation that collected the money the consumers paid and then kept that money, causing financial hardship to GPSC Yachts and Konstandarakis.

■ The deposition testimony, primarily that of Konstandarakis, indicates that he and Orr started a company in Philadelphia while they were married. She was studying, and he had two or three small boats in Greece and spent approximately six or seven months a year in Philadelphia. The business grew, and in the period from 1984 to September 11, 2001, after he and Orr divorced, she had the Philadelphia office and he had the one in Greece. Konstandarakis testified that almost ninety percent of the business in Greece came through GPSC Charters; therefore, he was very closely affiliated with the office in Philadelphia and always helped in any way he could. For several years before September 11, 2001, he spent a total of four to six months each year in the United States. While here he was, of course, conducting business with regard to his charter business. The purpose of the arrangement with GPSC Charters was to let an American charterer go to an American broker affiliated with a company in Greece so that the charterer would feel safe.

Orr decided to leave GPSC Charters shortly before September 11, 2001. After that time GPSC Charters was not able to make money; the company was now in the names of Heyer and Tsirikos, and they were spending more than they were earning. Konstandarakis came less frequently to the United States in that period, although he still came regularly to see his daughter. He would stop at the office of GPSC Charters, but such meetings always involved conflicts over money allegedly not paid to GPSC Yachts. Konstandarakis also testified in regard to checks from an account in his name with a bank in Philadelphia, for which Tsirikos had authority to sign, stating that he sent money to that account for payments "under the table" to Heyer and Tsirikos so that GPSC Charters would not appear to be making so much profit. He arranged for printing of GPSC Charter's brochures in Greece, where it was much cheaper, and he approved GPSC Charter's advertising. Orr, Heyer and Tsirikos corroborated testimony of Konstandarakis in regard to his time and active involvement in Philadelphia.

The Court concludes that the above admissions meet any conceivable test of "minimum contacts" with a forum necessary to form a basis for assertion of personal jurisdiction. In good times, Konstandarakis spent a total of six months per year or more in Philadelphia, working with GPSC Charters for the mutual benefit of that company and GPSC Yachts as well as Konstandarakis personally. This case is completely unlike *Kenny*, where the sole contact between the original owner of a hoist and Pennsylvania was that the original owner sold the hoist to an equipment lessor in another state, and the lessor leased the hoist to a customer in this state. Similarly, this case is clearly distinct from *Costa Cruises, Inc.*, where a travel agent received money to book a cruise for a customer on a large foreign cruise line but did not buy the tickets or refund the money. The court noted that the cruise line was not a party to the contract.

■ In the present case the contracts were executed at least by the charterer and GPSC Yachts. *See* Complaint Ex. A. To sustain a preliminary objection and dis-

miss an action a court must conclude that it is clear and free from doubt that the law will permit no recovery. *Stone & Edwards Ins. Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). That is certainly not the case here.[3] In addition, the record shows that it is no unreasonable hardship for Defendants to appear and defend the case in Pennsylvania. Konstandarakis has made regular trips to Pennsylvania for over twenty-five years. He was served with the complaint without difficulty in New Jersey, and he has advanced no claim of a particular hardship for him to appear to defend this case. Accordingly, the preliminary objections are overruled.

### ORDER

AND NOW, this 8th day of April, 2005, the preliminary objections filed by Defendants GPSC Yachts et al. are overruled. Defendants are ordered to file an answer to the complaint filed by the Commonwealth within twenty days as provided in Pa. R.C.P. No. 1026.

---

**3.** The Commonwealth also argues that the Court has general jurisdiction over Defendants pursuant to Section 5301(a)(2)(ii) of the Judicial Code, 42 Pa.C.S. § 5301(a)(2)(ii), based upon their carrying on a continuous and systematic portion of their general business in the Commonwealth. The Court does not purport to determine the merits of the Commonwealth's action, which turns to some extent on the determination of the relationship between GPSC Yachts and GPSC Charters. In view of the Court's ruling, it need not address this alternative.