637 A.2d 314

William J. FILIPOVICH, Appellant,

v.

J.T. IMPORTS INC., Formerly J.T. Racing U.S.A. and A.T.Y.S., A French Corporation.

Superior Court of Pennsylvania.

Argued Dec. 14, 1993.

Filed Feb. 15, 1994.

554

Joseph S. Bielecki, Pittsburgh, for appellant.

Rhonda J. Sudina, Pittsburgh, for appellees.

Before DEL SOLE, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

█ William J. Filipovich appeals from the June 22, 1993 Order[1] sustaining the preliminary objections of defendant,

1. The Order sustaining appellee's preliminary objections and dismissing appellee was entered May 24, 1993. Since it was an Order dismissing less than all defendants in the action, it was not final and appealable. Pa.R.A.P. 341. Appellant petitioned the court for a determination of appealability under Rule 341(c) and the court, acting on that request, incorrectly entered language certifying the legal issue as a controlling issue for appeal relying on Pa.R.A.P. 1311, **Interlocutory Appeal by Permission.** It is obvious that the trial judge intended to certify her Order as final. We will treat it as such and not allow the judge's oversight to preclude appellate review.

Recently, this Court in *McKinney v. Albright*, 429 Pa.Super. 440, 632 A.2d 937 (1993), addressed the application of Rule 341. There, we admonished the trial courts that certification under Rule 341(c) should

J.T. Imports Inc.,[2] formerly J.T. Racing U.S.A., a California corporation, as to jurisdiction. Appellant, a Pennsylvania resident stationed in Japan with the U.S. Navy, was injured when the helmet he was wearing, allegedly manufactured and sold by the appellee,[3] failed when appellant was thrown from his motorcycle. Appellee's preliminary objections, which challenged the Pennsylvania courts' jurisdiction over this matter, were sustained, the trial court reasoning Pennsylvania had neither in personam nor general jurisdiction over appellant's personal injury suit. This appeal followed.

■   Appellant argues because appellee fills special orders placed by Pennsylvania customers at cycle shops and advertises in national magazines which may be subscribed to or seen by Pennsylvania residents, J.T. Imports Inc., is subject via the Pennsylvania long arm statute, 42 Pa.C.S. § 5322, to the in personam jurisdiction of Pennsylvania courts. We disagree.

■   On an appeal from an Order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. *Muhammad v. Strassburger et al.*, 526 Pa. 541, 587 A.2d 1346 (1991), *reargument denied*, 528 Pa. 345, 598 A.2d 27 (1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991); *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992). Whether a state may exercise in personam jurisdiction over a nonresident defendant must be

not be granted where less than all parties are dismissed from a law suit, unless postponing review of that decision will cause a right to be lost.

In the instant case, while the dismissal of J.T. Imports, Inc., was a dismissal of less than all parties, the record clearly reflects that A.T.Y.S., A French Corporation, has not been served and in all probability can never be served. Therefore, the dismissal of the appellee in this matter effectively terminates the litigation, and to deny Rule 341(c) certification would effectively end the plaintiff's claim without any chance of subsequent review.

2.  Although counsel for appellee advised this Court during oral argument the case was captioned incorrectly, because counsel failed to provide us with appellee's correct name and, in fact, counsel's brief lists her client as J.T. Imports Inc., the caption remains unchanged.

3.  Defendant, A.T.Y.S., although served by registered mail on September 24, 1992, has not filed an appearance in this matter.

tested against the state's long arm statute and the due process clause of the fourteenth amendment of the United States Constitution. *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992). If jurisdiction may be conferred by the state's long arm statute, a tribunal must next determine whether the defendant has established minimal contacts with the forum state. Finally, it must be established the assertion of in personam jurisdiction would not violate the "traditional notions of fair play and substantial justice." *Id.* quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). While Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5322(a)(1)(iii), provides that '[t]he shipping of merchandise directly or indirectly into or through this Commonwealth' is a basis for personal jurisdiction, " 'the constitutional touchstone remains whether the defendant *purposefully* established 'minimum contacts' in the forum state.' " *Kachur v. Yugo America, Inc.*, 534 Pa. 316, 632 A.2d 1297 (1993), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985). Moreover, we must consider whether J.T. Imports had sufficient contact with Pennsylvania to justify the exercise of in personam jurisdiction; that is to say, was its connection with Pennsylvania "such that [it] should reasonably anticipate being haled into court there." *Kubik, supra*, 532 Pa. at 17, 614 A.2d at 1114, *citing Burger King Corp., supra.* We find appellant's allegations did not show the assertion of in personam jurisdiction would have comported with the concepts of fair play and substantial justice.

The 'substantial connection' ... between the defendant and the forum State necessary for a finding of minimum contacts must come about by an *action of the defendant purposefully directed toward the forum state....* Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to

serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Kachur, supra,* 534 Pa. at 324, 632 A.2d at 1301, *quoting Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92, 104 (1987).

Appellant did not purchase the offending helmet in Pennsylvania. The accident did not occur in Pennsylvania. Although it was averred helmets could be purchased from appellee by placing special orders with Pennsylvania cycle shops, and appellee's advertisements appeared in magazines available nationwide, those facts, without more, do not establish the California corporation targeted or considered Pennsylvania residents prime consumers. Moreover, there was no assertion as to the percentage of business appellee did in Pennsylvania and no basis for in personam jurisdiction was established.

Additionally, although not argued by appellant, we also find Pennsylvania may not exercise general jurisdiction over appellee as J.T. Imports' activities in Pennsylvania were neither continuous nor substantial. *See Skinner v. Flymo,* 351 Pa.Super. 234, 505 A.2d 616 (1986).

Based on the foregoing reasons of law and fact, we affirm the Order sustaining appellee's preliminary objections and dismissing it from this lawsuit.

Order affirmed.