## Alan Hostetler Insurance Agents & Brokers Inc. v. KRS Restaurant Corp.

C.P. of Dauphin County, no. 2726 S 1994.

*David R. Getz,* for plaintiff.
*Francis M. Socha,* for defendant.

*EN BANC,* TURGEON, HOOVER AND CLARK, *JJ.*

TURGEON, *J.,* June 13, 1996—On July 12, 1994, Alan Hostetler Insurance Agents and Brokers Inc. filed a complaint against defendant KRS Restaurant Corporation d/b/a Okey Dokey Restaurant. KRS, a New York corporation, filed a preliminary objection challenging this court's personal jurisdiction. Oral argument on this issue was held before a panel of this court on May 23, 1996.

## FACTS

The relevant facts, as set forth in the pleadings and affidavits submitted by the parties, are as follows: Hostetler is an insurance agent representing United States Fidelity and Guaranty Insurance Company. KRS operates a restaurant in Hauppage, New York. The business relationship between Hostetler and KRS began on or about December 31, 1982. Robert Shaftoe, who has a business address in Harrisburg, Pennsylvania, and who is a corporate officer and shareholder in KRS, contacted Hostetler and negotiated the terms of the insurance contract. Hostetler proceeded to issue to KRS, on behalf of USF&G, a written insurance policy for commercial property and commercial general liability insurance coverage. The insurance coverage for KRS was later combined with two other businesses under one policy due to joint ownership of all three entities. The other businesses covered under the policy included two hotels, one located in Carlisle, Pennsylvania and one located in Harrisburg, Pennsylvania. All "billing statements" and "accounts of transactions" were sent by Hostetler to Mr. Shaftoe at his Harrisburg office.

The insurance coverage for KRS was renewed annually by Shaftoe and was terminated by him on February 20, 1991. From 1986 to 1990, KRS made insurance payments of approximately $147,951 to Hostetler at its Pennsylvania business address. Hostetler paid premiums due to USF&G in order to preserve KRS's insurance coverage and is claiming outstanding premium payments due in the amount of $38,260.

## LEGAL DISCUSSION

A question as to personal jurisdiction is properly raised by preliminary objection. Pa.R.C.P. 1028(a)(1),

42 Pa.C.S. In ruling on a preliminary objection "the court must consider the evidence in the light most favorable to the non-moving party." *Derman v. Wilair Services Inc,* 404 Pa. Super. 136, 140, 590 A.2d 317, 319 (1991), *alloc. denied,* 529 Pa. 621, 600 A.2d 537 (1991). (citation omitted) The plaintiff has the burden of proof to allege facts sufficient to support a finding of jurisdiction and of supporting such allegations with appropriate affidavits, depositions and/or interrogatories. *Derman, supra* at 140, 590 A.2d at 140; *Slota v. Moorings Ltd.,* 343 Pa. Super. 96, 100, 494 A.2d 1, 3 (1985).

Pennsylvania courts may exercise two types of jurisdiction over out-of-state defendants. The first type is specific jurisdiction which is set forth in Pennsylvania's long-arm statute. 42 Pa.C.S. §5322. Specific jurisdiction is "based upon the specific acts of the defendant which gave rise to the cause of action . . . ." *McCall v. Formu-3 Int'l Inc.,* 437 Pa. Super. 575, 578, 650 A.2d 903, 904 (1994). Specific jurisdiction must satisfy both the state long-arm statute and due process "minimum contacts." *Id.* at 579, 650 A.2d at 904 (citing *Filipovich v. J.T. Imports Inc.,* 431 Pa. Super. 552, 637 A.2d 314 (1994)). The second type of jurisdiction available over out-of-state defendants is general personal jurisdiction which deals only with the general contacts the defendant has with the state. 42 Pa.C.S. §5301.

Plaintiff argues that this court has specific jurisdiction over KRS.[1] We agree. Specific jurisdiction is permitted

---

1. Plaintiff also argues that this court has general jurisdiction. We disagree. Pennsylvania requires that a corporation carry on "a continuous and systematic part of its general business within this Commonwealth." 42 Pa.C.S. §5301. The actions connecting KRS with this Commonwealth deal with the specific contacts giving rise to this cause of action and are not otherwise "continuous and systematic."

under Pennsylvania's long-arm *statute when one is* "transacting business" within the state. 42 Pa.C.S. §5322(a)(1). Section 5322(a)(1)(i) defines transacting business as "the doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object." 42 Pa.C.S. §5322(a)(1)(i).

Mr. Shaftoe's continued contacts with Hostetler, in order to acquire insurance coverage, satisfy the "transacting business" requirement of the statute. As a corporate officer, and agent of KRS, actions taken by Mr. Shaftoe are actions taken by KRS. See *J.C. Snavely & Sons Inc. v. Springland Associates Inc.,* 411 Pa. Super. 1, 4-5, 600 A.2d 972, 974 (1991).

Since specific jurisdiction under the state long-arm statute has been established, it must be determined whether such jurisdiction comports with due process requirements. The Pennsylvania Supreme Court has held that the flexible approach set forth by the U.S. Supreme Court in *Burger King Corp. v. Rudzewicz, infra,* be used when determining if due process has been satisfied. *Kubik v. Letteri,* 532 Pa. 10, 16, 614 A.2d 1110, 1114 (1992). This approach requires that there be sufficient "minimum contacts" and that the assertion of personal jurisdiction not offend "traditional notions of fair play and substantial justice." *Id.* at 16, 614 A.2d at 1114 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Furthermore, the "facts of each case must always be weighed in determining whether jurisdiction is proper." *Id.* at 17, 614 A.2d at 1114.

In order to establish sufficient "minimum contacts" the defendant must have been able to "reasonably anticipate" being haled into court in the forum state. *Burger King Corp., supra* at 474. "Critical to the analysis of

whether a defendant should reasonably anticipate being haled into court in the forum state is the determination that the defendant purposefully directed his activities at residents of the forum and purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Kubik, supra* at 17-18, 614 A.2d at 1114.

In determining if one can reasonably anticipate being haled into court, courts have placed emphasis on the communications between the parties and on who initiated contact. *Eastern Continuous Forms Inc. v. Island Business Forms Inc.,* 355 Pa. Super. 352, 358, 513 A.2d 466, 469 (1986). A finding of purposeful availment is influenced by the presence of economic impacts on the forum state as well as by the parties' relationship. *Id.* at 358, 513 A.2d at 469. See also, *Mickleburgh Machinery Co. Inc. v. Pacific Economic Development Co.,* 738 F. Supp. 159, 162 (E.D. Pa. 1990).

KRS could have reasonably anticipated being haled into a Pennsylvania court. KRS had an ongoing relationship with Hostetler which lasted almost a decade. KRS's failure to make premium payments would presumably have a negative economic impact on Hostetler thereby effecting the forum state. Furthermore, KRS permitted its insurance contract to include two Pennsylvania corporations. Most importantly, KRS had an agent acting on its behalf whose business address was in Pennsylvania.

KRS purposefully availed itself of the privileges of doing business in Pennsylvania. Mr. Shaftoe initiated contact with Hostetler in order to procure insurance coverage for KRS. The "billing statements" and "accounts of transactions" were sent by Hostetler to Mr.

Shaftoe at his Harrisburg address. Therefore, the "minimum contacts" requirement is satisfied because KRS not only purposefully availed itself of Pennsylvania laws but also could have reasonably anticipated being haled into court in Pennsylvania.

Having found "minimum contacts" sufficient, it must also be determined if asserting personal jurisdiction comports with traditional notions of fair play and substantial justice. This analysis depends on "(1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest[s] of the several states in furthering fundamental substantive social policies." *Kubik, supra* at 18, 614 A.2d at 1114.

We do not feel that asserting personal jurisdiction over KRS would be unfair in light of these factors. The burden to the defendant would not be unjust because New York is not an unreasonable distance away from Pennsylvania. Furthermore, Pennsylvania has an interest in protecting corporations within the state from harm caused by out-of-state defendants. The plaintiff's interest in having the case dealt with in the most convenient forum would also support Pennsylvania's assertion of personal jurisdiction over KRS.

Finally, in its answer to the preliminary objection, plaintiff has argued that the defendant was equitably estopped from raising the personal jurisdiction issue due to its participation in settlement negotiations with plaintiff. Since we find that the defendant is subject to personal jurisdiction in Pennsylvania, this issue is moot.

Accordingly, we enter the following:

ORDER

And now, June 13, 1996, defendant's preliminary objection to this court's personal jurisdiction over it is hereby overruled.