## Volz v. Concept Sciences Inc.

C.P. of Lehigh County, nos. 1999-C-1736, 1999-C-2390, 2000-C-0183, 2000-C-2280, 2000-C-1797.

*Richard M. Jordan,* for defendants Concept Sciences and Ward.

*Edward A. Greenberg,* for additional defendant Alfa Laval.

GARDNER, *P.J.,* June 13, 2001—This matter is before the court on four sets of preliminary objections filed

by defendant and additional defendant Alfa Laval Flow GmbH (GmbH) in these five consolidated cases. In its preliminary objections, Alfa Laval Flow GmbH, a German corporation, contends that this court does not have personal jurisdiction over it.

In their responses to the preliminary objections, plaintiff Diane C. Bowers and defendants Concept Sciences Inc. and Irl Ward Ph.D. contend that Alfa Laval Flow GmbH has sufficient contacts with this jurisdiction to satisfy both the Pennsylvania long-arm statute and federal due process requirements to confer personal jurisdiction over additional defendant.

The parties developed a factual record by taking depositions and filing affidavits and deposition transcripts. Memoranda of law and supplemental memoranda were filed by the parties. Oral argument was held before the undersigned on January 30, 2001. For the reasons expressed below, we conclude that this court has personal jurisdiction over defendant and additional defendant Alfa Laval Flow GmbH. Accordingly, we overrule the preliminary objections and direct Alfa Laval Flow GmbH to answer defendants' joinder complaints.[1]

---

1. By order dated May 29, 2001 the Honorable Joseph T. Doyle, judge of the Commonwealth Court of Pennsylvania, entered an order in the matter of *Koken v. Reliance Insurance Company,* 269 M.D. 2001 (Pa. Commw. 2001). That order directed that Reliance Insurance Company be placed into rehabilitation in accordance with the provisions of article V of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, art. V, §§501-563, as amended, 40 P.S. §§221.1-221.63. Paragraph 22 of the order stayed for 60 days all actions currently pending in which Reliance was obligated to defend a party. Defendants have advised the court that they are each insured by Reliance.

Therefore, we intend to file an order staying the within matters shortly after filing the within order and opinion. Because we already

Preliminary objections raising objections to personal jurisdiction were filed by GmbH in four of the within five consolidated cases. On June 26, 2000 in case no. 1999-C-1736, and on September 13, 2000 in case no. 2000-C-0183, additional defendant GmbH filed preliminary objections to the joinder complaint of defendant Concept Sciences Inc. On June 26, 2000 in case no. 1999-C-2390, additional defendant GmbH filed preliminary objections to the joinder complaint of defendant Irl Ward Ph.D. On December 5, 2000 in case no. 2000-C-2280, defendant GmbH filed preliminary objections to the amended complaint of plaintiff Diane C. Bowers, as executrix of the estate of Terry Bowers, and in her own right. Alfa Laval Flow GmbH is not a party to the remaining consolidated case no. 2000-C-1797.

Two of the cases, case nos. 1999-C-1736 and 1999-C-2390, were commenced by plaintiffs Sharon M. Volz and William D. Volz. By letter dated May 2, 2001, counsel for Mr. and Mrs. Volz, Francis T. Colleran, Esquire, advised the undersigned that the two Volz cases had settled. Accordingly, we will dismiss the preliminary objections of additional defendant GmbH in those two cases as moot.

Accordingly, two sets of GmbH preliminary objections remain for decision on the merits. One set is the prelimi-

---

had this matter under advisement prior to the Commonwealth Court stay, and mindful of the directive of the Supreme Court of Pennsylvania in Pa.R.J.A. no. 703 that all matters be promptly decided, we issue this order and opinion cognizant that the parties will not be allowed to proceed in these consolidated cases until the stay expires or is lifted by the Commonwealth Court of Pennsylvania.

Accordingly, additional defendant shall have 20 days after the lifting of the stay to file an answer to defendants' joinder complaints.

nary objections of additional defendant GmbH to the joinder complaint of defendant Concept Sciences Inc. in case no. 2000-C-0183 where plaintiffs are Adhesive Specialists Inc.; Schnenermann Excavating Inc.; and Data Link Associates Corp. The second set is the preliminary objections of defendant GmbH to the amended complaint of plaintiff Diane C. Bowers in case no. 2000-C-2280. On June 12, 2001 we entered an order in the Bowers case, filed June 13, 2001, approving a stipulation of counsel that the decision of this court in the Volz cases (nos. 1999-C-1736 and 1999-C-2390) as to the GmbH preliminary objections will be dispositive of the preliminary objections filed by defendant GmbH in the Bowers case (no. 2000-C-2280).

Because of the settlement of the Volz cases, we do not reach the merits of the GmbH preliminary objections in those cases. However, the facts and issues and applicable law are the same concerning the GmbH preliminary objections in all four cases. Therefore, in the spirit of the stipulation, we will consider our decision on the GmbH preliminary objections in the Adhesive Specialists Inc. case (case no. 2000-C-0183) as dispositive of the GmbH preliminary objections filed in the Bowers case.

On September 5, 2000, an initial oral argument was conducted before the undersigned on the preliminary objections of GmbH and other additional defendants.[2]

---

2. By order of the undersigned dated September 5, 2000, we directed the parties to establish a record of facts necessary to resolve the within preliminary objections through stipulations, affidavits, depositions and other discovery. Because GmbH did not endorse its preliminary objections with a notice to plead, defendant Concept Sciences

By order of the undersigned dated September 5, 2000, we disposed of the preliminary objections of all additional defendants to the joinder complaints of defendants Irl Ward and Concept Sciences Inc. in the nature of a motion to strike. In that order we directed defendants to file a more specific joinder complaint.[3]

Additional defendant, Alfa Laval Flow GmbH's preliminary objections to the complaint of Concept Sciences Inc. in the Adhesive Specialists Inc. case (no. 2000-C-0183) were filed September 13, 2000. Concept Sciences Inc. filed its response on October 5, 2000. On November 7, 2000, Concept Sciences Inc. filed the deposition transcripts of Vincent Manganiello and Robert T. MacGregor taken October 18, 2000 and the deposition transcript of Robert Shuck taken October 20, 2000.

On November 20, 2000, Concept Sciences Inc. filed its supplemental memorandum of law on the issue of

---

Inc., was not required under the Pennsylvania Rules of Civil Procedure to file an answer to the preliminary objections. However, a preliminary objection in the nature of an attack on in personam jurisdiction cannot be determined from facts of record alone. See note to Pa.R.C.P. 1028(c). Accordingly, we directed the parties to create a record so that we could dispose of the within preliminary objections.

3. In our September 5, 2000 order, we gave defendants six months to file an amended joinder complaint for several reasons. These included the extensive discovery materials (approximately 25,000 documents) and the lack of access to the explosion site because of ongoing investigations by the Pennsylvania State Police Fire Marshal. Because the statute of limitations had not run, we gave defendants the opportunity to conduct pre-complaint discovery to provide a complaint with enough specificity to comply with the pleading requirements of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983).

Accordingly, we gave defendants six months in which to conduct the discovery necessary to file an appropriate amended joinder complaint.

personal jurisdiction. On December 5, 2000, GmbH filed its supplemental memorandum of law. On January 25, 2001, Concept Sciences Inc. filed a reply memorandum of law in opposition to the memorandum of law submitted by GmbH. On January 30, 2001, oral argument was conducted before the undersigned on the issue of personal jurisdiction.

These consolidated cases arise out of an explosion which occurred on February 19, 1999 at defendant Concept Sciences Inc.'s facility located at 749 Roble Road, Allentown, Lehigh County, Pennsylvania. Defendant Concept Sciences filed joinder complaints against numerous additional defendants whom they allege are responsible for the damages suffered by them and by the numerous plaintiffs who have brought suit as a result of this explosion. The joinder complaints contain counts for strict liability, negligence, breach of contract and breach of warranty.

Based upon the pleadings, record papers, depositions, affidavits, stipulations and agreements of counsel at oral argument, the pertinent facts are as follows.

Concept Sciences was in the business of manufacturing a solution known as hydroxylamine which is used to clean computer chips. At the time of the explosion at its plant, Concept Sciences was attempting to purify and manufacture hydroxylamine in a 50 percent aqueous solution. Concept Sciences purchased some of the equipment for its manufacturing facility through additional defendant ALEDco Inc. One of the many pieces of equipment purchased from ALEDco by Concept Sciences was an IP800 Peristaltic Pump. Concept Sciences contends

that the explosion on February 19, 1999 was caused by the malfunction of the pump.

ALEDco ordered the pump from Alfa Laval Pumps Inc., in Kenosha, Wisconsin. Alfa Laval Pumps Inc. in turn ordered the pump from Alfa Laval Flow GmbH. Alfa Laval Flow GmbH shipped the pump to Alfa Laval Pumps Inc. in Kenosha, Wisconsin. Alfa Laval Pumps Inc. shipped the pump to ALEDco in Allentown, Pennsylvania, which then sold the pump to Concept Sciences Inc.

Alfa Laval Flow GmbH contends that it is a German corporation, with its principal place of business in Dusseldorf, Germany. It contends that it does not conduct business in the Commonwealth of Pennsylvania nor maintain an office or a registered agent in Pennsylvania nor have either continuous or systematic contacts in Pennsylvania.

At oral argument, counsel for GmbH admitted that the structure of the corporations involved in this litigation is as follows: Alfa Laval Flow GmbH is a wholly owned subsidiary of Alfa Laval Holding GmbH. Ninety-nine percent of GmbH is owned by Alfa Laval Holding BV, a Dutch company; and 1 percent is owned by Alfa Laval Holding AB, a Swedish company.

Alfa Laval Inc. is a New Jersey corporation with its principal place of business in Kenosha, Wisconsin. It is the successor company to Alfa Laval Pumps Inc. Alfa Laval Inc. is a wholly owned subsidiary of Alfa Laval U.S. Holdings Inc., which is a wholly owned subsidiary of Alfa Laval Holding BV. Moreover, Alfa Laval Inc.

transacts business with many other companies owned by Alfa Laval Holding BV.[4]

Defendant Concept Sciences Inc. contends that Alfa Laval Flow GmbH is part of a "family of corporations" including additional defendants Alfa Laval Pumps Inc.; Alfa Laval Flow Inc.; Alfa Laval Pumps, a division of Alfa Laval Flow Inc.; Alfa Laval Inc.; and other entities. Defendant further contends that the common internet website used by all these entities and others are evidence of this "family" of corporations.

In addition, defendant contends that Alfa Laval Flow GmbH is an important party to this litigation. It is the only manufacturer of the peristaltic pump which is at the heart of this case. Defendant further contends that the pump found its way into the United States and the Commonwealth of Pennsylvania, specifically, not by accident or inadvertence, but rather as part of the systematic sales efforts of the manufacturer's parent corporation and its agents.

Initially, we note that when preliminary objections, if sustained, would result in the dismissal of an action, the objections should be sustained only in cases which are free and clear from doubt. *GMAC v. Keller,* 737 A.2d 279, 280-81 (Pa. Super. 1999). Moreover, the burden of proof rests upon the party challenging the court's exercise of jurisdiction; and the court must consider the evidence in the light most favorable to the non-moving party. *Grimes v. Wetzler,* 749 A.2d 535, 539 (Pa. Super. 2000).

---

4. Notes of Testimony of the oral argument held before the undersigned January 30, 2001, at pp. 6-8.

When the moving party has supported its jurisdictional objection, the burden shifts to the party asserting jurisdiction to prove that there is statutory and constitutional support for the court's exercise of personal jurisdiction. *McCall v. Formu-3 International Inc.,* 437 Pa. Super. 575, 578, 650 A.2d 903, 904 (1994).

In *Hall-Woolford Tank Company Inc. v. R.F. Kilns Inc.,* 698 A.2d 80 (Pa. Super. 1997), the Superior Court of Pennsylvania stated the following:

"Pursuant to the Judiciary Act, 42 Pa.C.S. §5301 et seq., our courts may exercise two types of in personam jurisdiction over a non-resident defendant. General jurisdiction is founded upon a defendant's general activities within the forum which evidence continuous and systematic contacts with the state. . . . Specific jurisdiction has a more narrow scope and is focused upon the particular acts of the defendant which gave rise to the underlying cause of action." 698 A.2d. at 82. (citations omitted)

When a state exercises personal jurisdiction over a non-resident defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction. *Kubik v. Letteri,* 532 Pa. 10, 614 A.2d 1110 (1992). Even if specific jurisdiction does not exist, the court may exercise jurisdiction if the defendant has carried on business in a continuous and systematic part of its general business within the Commonwealth. *McCall, supra.*

There are two initial considerations which the court must look at in order to exercise personal jurisdiction over a non-resident defendant: "(1) jurisdiction must be

conferred by the state long-arm statute, and (2) the exercise of jurisdiction under the statute must meet constitutional standards of due process." *Hewitt v. Eichelman's Subaru Inc.,* 341 Pa. Super. 589, 592, 492 A.2d 23, 24 (1985). In Pennsylvania, personal jurisdiction may be asserted over non-residents "to the fullest extent allowed under the Constitution of the United States." See 42 Pa.C.S. §5322(b).

In this case, because jurisdiction is conferred by the long-arm statute,[5] we must look to see whether GmbH has established minimum contacts with this forum. The seminal case in determining personal jurisdiction over a non-resident defendant is the decision of the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). That case held that the due process clause is satisfied when a non-resident defendant has such minimum contacts with the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

"The 'minimum contacts' test does not allow for mechanical application. In applying the test, the facts must be weighed to see whether the requisite 'affiliating circumstances' are present. Few answers 'will be written in black and white. The greys are dominant and even among them the shades are innumerable.'

Important factors in determining whether this test has been met are the quality of the contacts between the de-

---

5. The court may exercise jurisdiction over a corporation or person who acts directly or by an agent by shipping merchandise either directly or indirectly into or through the Commonwealth. See 42 Pa.C.S. §5322(a)(1)(iii).

fendant and the forum state, whether the cause of action flows from the contact or contacts, and whether the defendant has purposefully availed himself of the privilege of conducting activities in the forum. The test for the foreseeability of a tort is whether 'defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.' " *Felty v. Conaway Processing Equipment Co.*, 738 F. Supp. 917, 918 (E.D. Pa. 1990). (internal citations omitted)

In this case, Alfa Laval Flow GmbH contends that these concepts have been further refined by the United States Supreme Court decision in *Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Moreover, Alfa Laval Flow GmbH contends that we should follow the test set forth in the plurality opinion authored by Justice Sandra Day O'Connor because it has been adopted by the appellate courts of this Commonwealth. The pertinent portion of that opinion states:

"The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. Additional conduct of the defendant may indicate intent or purpose to serve the market in the forum state, for example, designing the product for the market in the forum state, advertising in the forum state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state. But a defendant's awareness that the stream of commerce may

or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state." 480 U.S. at 113, 107 S.Ct. at 1032, 94 L.Ed.2d at 104.

To the contrary, Concept Sciences Inc., contends that *Asahi* is a plurality opinion, without precedential value, and in fact has not been adopted as the test to be utilized in Pennsylvania. Rather, Concept Sciences contends that the Supreme Court of Pennsylvania has adopted the more liberal standard articulated in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed. 2d 528 (1985). We agree.

In *McCall, supra,* a case relied on by both parties, the Superior Court of Pennsylvania stated:

"Recently, in *Kubik v. Letteri,* 532 Pa. 10, 614 A.2d 1110 (1992), Pennsylvania's Supreme Court adopted the flexible approach articulated in *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) regarding the determination of whether due process has been satisfied. 'The standard which must be met by a state in asserting specific personal jurisdiction over a non-resident defendant . . . is clear: (1) the non-resident defendant must have sufficient minimum contacts with the forum state and (2) the assertion of in personam jurisdiction must comport with fair play and substantial justice. The determination of whether this standard has been met is not susceptible to any talismanic jurisdictional formula: The facts of each case must always be weighed in determining whether jurisdiction is proper.' " *McCall,* 437 Pa. Super. at 579, 650 A.2d at 905. (citation omitted)

For the following reasons, we find that Alfa Laval Flow GmbH has sufficient minimum contacts with the Commonwealth of Pennsylvania and that the assertion by this court of in personam jurisdiction will comport with the "traditional notions of fair play and substantial justice" as set forth in *International Shoe* and its progeny.

Initially, a review of the pleadings, record papers, exhibits, affidavits, depositions and admissions of counsel indicate that Alfa Laval Flow GmbH is a German corporation that is part of a larger, worldwide conglomerate of corporations that are engaged in business in the United States and throughout the world. A simple review of the generic website utilized by the many incarnations of the "Alfa Laval" name indicates that these are a "family" of corporations that while independent entities, do work in conjunction with one another and for a common parent corporation.

There is no dispute that GmbH is the manufacturer of the IP800 peristaltic type pump that is at the center of this litigation. Concept Sciences contends that the explosion that occurred on February 19, 1999 is the direct result of the malfunction of the pump manufactured by Alfa Laval Flow GmbH. Although GmbH disputes that its pump was the cause of the explosion, it does not dispute that the pump it manufactured is the pump in question.

Concept Sciences relies on the depositions of Robert Schuck, assistant treasurer and assistant secretary of Alfa Laval Inc.; Robert T. MacGregor, regional sales manager of Alfa Laval Inc.; and Vincent Manganiello, a salesman for ALEDco Inc. In addition, Concept Sciences relies on the printed pages from the Alfa Laval website

which are attached as exhibits to its supplementary memorandum of law and as exhibits to the deposition of Robert Schuck.

As the Superior Court of Pennsylvania noted in *McCall, supra,* the required minimum contacts should have some connection to the enterprise involved in causing the claimed injuries. As we noted above, the pump was manufactured by Alfa Laval Flow GmbH. Moreover, the deposition testimony of Robert Schuck reveals that the pump was manufactured elsewhere, but distributed by Alfa Laval Inc. throughout the United States, including the Commonwealth of Pennsylvania.[6] However, Mr. Schuck did not know what volume of Alfa Laval products were distributed in Pennsylvania.

In addition, Mr. Schuck testified that no payment is made to GmbH for the merchandise that Alfa Laval Inc. orders from it. Rather, the companies use a "netting system" to add and subtract from the orders placed and received by each of the entities that make up the Alfa Laval "family" of companies.[7]

The deposition testimony of Robert MacGregor reveals that in selling Alfa Laval products, Mr. MacGregor made no distinction between the products of Alfa Laval Inc.; Alfa Laval Flow Inc.; Alfa Laval Pumps; or Alfa Laval Flow GmbH.[8] Mr. MacGregor was aware that the pumps he sold were manufactured in England and Germany.[9] Moreover, he was responsible to support sales of

---

6. Notes of Testimony (N.T. Schuck) of the deposition of Robert Schuck conducted October 20, 2000, at p. 16.

7. N.T. Schuck, pp. 42-44.

8. Notes of Testimony (N.T. MacGregor) of the deposition of Robert T. MacGregor conducted October 18, 2000, at pp. 13-14.

9. N.T. MacGregor, p. 23.

all pumps, including the peristaltic pumps to distributors in Pennsylvania.[10]

Vincent Manganiello testified in his deposition that he is a salesman for ALEDco Inc. He is the salesman responsible for selling the peristaltic pump to Concept Sciences. He also testified that his company routinely obtained Alfa Laval pumps that were made overseas and that he sold another type of pump to Concept Sciences that was manufactured in Europe. Moreover, he received training from Mr. MacGregor of Alfa Laval Inc. to assist him in selling the pumps manufactured in Europe.[11]

Finally, the Alfa Laval website depicts Alfa Laval as a worldwide conglomerate of corporations related to one another; or at the very least, servants to one master.

We conclude that although GmbH has no office in Pennsylvania, is not qualified to do business here, owns no property here, nor maintains a bank account here, it could and should expect that it could be "haled into court" here because of the apparently well-set-up network for distribution of its products through this intricate web of corporations which all use some variation of the "Alfa Laval" name.

We note that Mr. Schuck did not bring many documents requested by Concept Sciences to his deposition. Additional defendant GmbH should not be rewarded for thwarting the court-ordered discovery process by not producing the documentation requested by Concept Sciences. Because of the actions of GmbH in this regard, Concept Sciences was unable to explore the full extent

------

10. N.T. MacGregor, pp. 65-66.

11. Notes of Testimony of the deposition of Vincent Manganiello conducted October 18, 2000, at pp. 19-24.

of the contacts that GmbH has with the United States Alfa Laval entities.[12] Nevertheless, Concept Sciences has established that GmbH has sufficient contacts with Pennsylvania to subject GmbH to personal jurisdiction here.

The second part of the test is a determination of whether the exercise of personal jurisdiction will comport with the concepts of fair play and substantial justice.

"In making the determination of whether it is reasonable and fair to require a defendant to conduct his defense in that forum, factors a court should consider include '(1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental substantive social policies.' " *McCall,* 437 Pa. Super. at 580, 650 A.2d at 905. (citations omitted)

In this case we find that there is no burden on Alfa Laval Flow GmbH, as other entities of this "family" of companies are already subject to this court's jurisdiction. Their experienced legal counsel should have no problem continuing to competently represent all the Alfa Laval defendants. Moreover, because of the devastation created both in terms of loss of life and property damage caused by the explosion at the Concept Sciences site, this Commonwealth has a great interest in adjudicating this dispute.[13]

---

12. N.T. Schuck, p. 8.

13. Although all the facts have not yet been developed on the record, four deaths and other personal injuries resulted from the explosion on February 19, 1999. In addition, the entire 42,000 square foot facility

The plaintiffs in these cases, as well as Concept Sciences, have a definite interest in obtaining convenient and effective relief from their losses in these cases. As noted above, Concept Sciences contends that the pump manufactured by Alfa Laval Flow GmbH is the cause of the explosion because of a manufacturing defect in the pump. Accordingly, we agree with Concept Sciences that GmbH is an indispensable party to this litigation. If Concept Sciences can establish its claim against GmbH, this manufacturer may very well be liable, in whole or in part, for this tragedy. Therefore, it should be included as a party in these cases.

We conclude that factors (4) and (5) of the *McCall* test are not relevant to the present inquiry, but find that it is reasonable and fair to assert personal jurisdiction over Alfa Laval Flow GmbH.

For the reasons expressed above, we find that it is proper to assert specific in personam jurisdiction over Alfa Laval Flow GmbH in these consolidated cases. Accordingly, we overrule the preliminary objections of GmbH.

## ORDER

Now, June 13, 2001, upon consideration of additional defendant Alfa Laval Flow GmbH's preliminary objections to the complaints of Irl Ward and Concept

housing Concept Sciences Inc. in Lehigh Valley Industrial Park III was destroyed. Moreover, there was extensive property damage to other nearby buildings in the industrial park.

There have been 23 cases filed in Lehigh County, and several cases filed in Northampton County, seeking damages for death, personal injuries, property damage, and site clean-up costs, arising from this explosion.

Sciences Inc., filed on June 26, 2000 in case nos. 1999-C-1736 and 1999-C-2390; upon consideration of additional defendant, Alfa Laval Flow GmbH's preliminary objections to the complaint of Concept Sciences Inc., filed September 13, 2000 in case no. 2000-C-0183; upon consideration of defendant, Alfa Laval Flow GmbH's preliminary objections to the amended complaint filed December 5, 2000 in case no. 2000-C-2280; upon consideration of the answers to all three preliminary objections; upon consideration of the briefs of the parties; after oral argument held January 30, 2001; and for the reasons expressed in the accompanying opinion, it is ordered the preliminary objections of additional defendant Alfa Laval Flow GmbH in the nature of a motion to dismiss for lack of personal jurisdiction in case nos. 1999-C-1736 and 1999-C-2390 are dismissed as moot.[1]

It is further ordered the preliminary objection of additional defendant Alfa Laval Flow GmbH in the nature of a motion to dismiss for lack of personal jurisdiction in case no. 2000-C-0183 is overruled.

It is further ordered that the preliminary objection of defendant Alfa Laval Flow GmbH in the nature of a motion to dismiss for lack of personal jurisdiction in case no. 2000-C-2280 is overruled.[2]

---

1. As noted in the attached opinion, these two cases have settled. Accordingly we dismiss the preliminary objections of additional defendant Alfa Laval Flow GmbH as moot.

2. As noted in our attached opinion, the parties stipulated that they would be bound in case no. 2000-C-2280 by our decision in case nos. 1999-C-1736 and 1999-C-2390. Because those cases have settled, and the preliminary objections are moot, in the spirit of the stipulation between the parties we consider our decision on the preliminary ob-

It is further ordered that Alfa Laval Flow GmbH shall have until 20 days after the expiration of the stay[3] in these cases by the Commonwealth Court of Pennsylvania to file an answer to the joinder complaint of defendant Concept Sciences Inc. in case no. 2000-C-0183.

It is further ordered that the Lehigh County Court operations supervisor shall schedule the remaining preliminary objections of all defendants to the third amended complaint filed by plaintiff Diane C. Bowers in case no. 2000-C-2280 at the next available list after the stay in these cases is lifted by the Commonwealth Court of Pennsylvania.[4]

---

jections in case no. 2000-C-0183 as dispositive of the preliminary objections filed in case 2000-C-2280.

3. See footnote 1 of our attached opinion.

4. Four of the defendants in case no. 2000-C-2280 filed preliminary objections to the third amended complaint of Diane C. Bowers which are not disposed of by the within order and opinion. Accordingly, they will be scheduled for oral argument after the expiration of the stay in these cases by the Commonwealth Court of Pennsylvania.

On April 12, 2001 defendant Lehigh Realty Associates filed preliminary objections in the nature of a demurrer, a motion to strike for lack of specificity, and a motion to dismiss the punitive damages claim.

On April 19, 2001 defendants Alfa Laval Flow GmbH; ALEDco Inc.; and Alfa Laval Inc. filed separate preliminary objections each in the nature of a motion to strike for lack of specificity. In addition ALEDco's preliminary objections included a motion to dismiss the punitive damages claim and a motion to dismiss the loss of consortium claim. Both Alfa Laval Flow GmbH's and Alfa Laval Inc.'s preliminary objections included a motion to strike for failure to conform to a rule of law and a demurrer.

Alfa Laval Inc. is not a party to this lawsuit. Nevertheless, it has filed preliminary objections on behalf of defendants Alfa Laval Pumps Inc., Alfa Laval Flow Inc. and Alfa Laval Pumps, a division of Alfa Laval Flow Inc., as successor in interest to those entities.