**Triad ML Marketing Inc. v.
Clark & Trevithick P.C.**

*James C. Crumlish III,* for plaintiffs until August 9, 2005.
*F. James Gallo* and *Craig Hudson,* for defendants.

*Lisa Stern,* pro se.
*Steven Richey,* pro se.
*Allen Stern,* pro se.

ABRAMSON, *J.* September 1, 2005—Before the court are the preliminary objections of defendant Clark & Trevithick (C&T) in the form of a motion to dismiss for lack of personal jurisdiction. For the reasons fully set forth below, said preliminary objections are sustained.

## BACKGROUND

According to the complaint, defendant Fineman, Krekstein & Harris P.C. (Fineman), a Pennsylvania law firm, was hired by plaintiffs to represent their interests in litigation pending in California (the California litigation). C&T, a California law firm, was hired to serve as local counsel and the agreement was memorialized in an engagement letter which required plaintiffs to cooperate with C&T. Pl. resp. exhibit B. Thereafter, a dispute arose among the parties in connection with said representation. In December 2004, Fineman brought an action against plaintiffs for the collection of outstanding legal fees in the matter styled *Fineman, Krekstein & Harris P.C. v. Triad ML Marketing Inc.,* December term 2004, no. 1233 (Phila. C.C.P.) (the collection action). In February 2005, plaintiffs brought the instant action against both C&T and Fineman asserting claims for negligence, breach of fiduciary duty and breach of contract (the legal malpractice action). In March 2005, plaintiffs filed a motion to consolidate the legal malpractice action with the collection action, which was unopposed. The cases were subsequently consolidated by the court.

## DISCUSSION

C&T has filed the instant preliminary objections claiming that this court lacks personal jurisdiction over it. The court agrees.

### I. *This Court Lacks General Personal Jurisdiction Over C&T*

Pennsylvania courts may exercise general personal jurisdiction over a corporate defendant when the corporation carries on "a continuous and systematic part of its general business within" Pennsylvania. 42 Pa.C.S. §5301(a)(2)(iii). "Since there is no established legal test to determine whether a corporation's activities are sufficiently continuous and systematic to warrant the exercise of general jurisdiction, a court engages in a factual analysis that focuses on the overall nature of the activity, rather than its quantitative character." *Bizarre Foods Inc. v. Premium Foods Inc.,* 2003 U.S. Dist. Lexis 8166 (E.D. Pa. May 16, 2003).

Triad does not allege that C&T is incorporated in Pennsylvania, maintains offices in Pennsylvania, has agents or employees in Pennsylvania, pays taxes in Pennsylvania, is registered with the Commonwealth to conduct business in Pennsylvania, and/or owns or leases property in Pennsylvania, which are the traditional bases for finding general jurisdiction. See *Efford v. Jockey Club,* 796 A.2d 370, 375 (Pa. Super. 2002). Instead, plaintiffs allege that C&T placed dozens of phone calls, sent approximately 100 e-mail messages and dozens of pieces of correspondence, including invoices, to plaintiffs in Pennsylvania. Compl. ¶¶9-13. Plaintiffs also contend that

both Fineman and C&T were part of a group of lawyers/ law firms that referred cases to each other.[1]

However, the court finds these contacts with Pennsylvania are not systematic and continuous enough to subject C&T to general personal jurisdiction in Pennsylvania. See *McCall v. Formu-3 International Inc.*, 437 Pa. Super. 575, 581, 650 A.2d 903, 906 (1994) (no general jurisdiction over defendant who entered into joint venture unrelated to cause of action with Pennsylvania company and "engaged in a series of ongoing contacts, meetings, and opportunities to exchange information with several Pennsylvania companies."); *Derman v. Wilair Services Inc.*, 404 Pa. Super. 136, 150, 590 A.2d 317, 324 (1991) (no general jurisdiction over defendant that "does a small portion of its total business—approximately 1.5 percent—with residents of Pennsylvania"); *Crown Cork & Seal Co. v. Montgomery*, 2004 Phila. C.C.P. Lexis 22 (Phila. 2004) (out-of-state law firm which served as local counsel to Pennsylvania firm not subject to general or specific jurisdiction based on insufficient contacts); *Alti Inc. v. Dallas European*, 2002 Phila. C.C.P. Lexis 97 (Phila. 2002) (defendant not subject to general jurisdiction were "Pennsylvania customers represented less than one percent of defendant's revenues").

---

1. Plaintiffs also argue that C&T somehow consented to jurisdiction by failing to oppose plaintiffs' motion to consolidate the legal malpractice action with the collection action. However, the court finds this fact to be of no consequence and certainly does not serve to establish personal jurisdiction over C&T in Pennsylvania.

## II. *This Court Lacks Specific Personal Jurisdiction Over C&T*

Pennsylvania may exercise specific personal jurisdiction over C&T "to the fullest extent allowed under the Constitution of the United States . . . based on the most minimum contact with this Commonwealth allowed." 42 Pa.C.S. §5322(b).

"In order to subject [C&T] to in personam jurisdiction there must be some act by which [C&T] purposely avails itself of the privilege of conducting activities within [Pennsylvania], thus invoking its benefits and protections of its laws . . . such that [C&T] could reasonably anticipate being haled into court [here]." *Grimes v. Wetzler,* 749 A.2d 535, 539 (Pa. Super. 2000). (citations omitted)

The court does not find that plaintiffs have satisfied their burden of proving specific jurisdiction. By plaintiffs' own admission, C&T was hired to serve as local counsel in connection with litigation pending in California. C&T's activities in connection with the California litigation "did not target this Commonwealth through [its] conduct" and should not be subject to jurisdiction in Pennsylvania. *Id.* at 541. Phone calls and/or letters into the forum are not sufficient to establish minimum contacts for jurisdictional purposes where, as here, the focus of the dispute is outside the forum, which is where the California litigation took place. See *Thomas v. Clark,* 8 D.&C.3d 630, 634 (Phila. Cty. 1978) ("the foreign attorney really has no contacts with Pennsylvania other than those required by representation of a Pennsylvania resident in a non-Pennsylvania cause of action, with a Pennsylvania attorney as co-counsel"); *Lynch v. New*

*Jersey Automobile Full Insurance Underwriting Assoc.,* 762 F. Supp. 101, 104 (E.D. Pa. 1991) ("[t]he placing of telephone calls or the sending of letters into the forum by a party to a contract is not sufficient.").

Furthermore, California has a far greater interest than Pennsylvania in the California litigation, which is the subject matter of the claims against C&T. See *Kubik v. Letteri,* 532 Pa. 10, 21, 614 A.2d 1110, 1116 (1992) ("[t]here is no question that Pennsylvania has a strong interest in adjudicating a dispute involving real estate located in Pennsylvania."). As such, plaintiffs' claims against C&T for legal malpractice in connection with the California litigation must be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons fully set forth above, the preliminary objections of defendant Clark & Trevithick for lack of personal jurisdiction are sustained. Plaintiffs' complaint is dismissed in its entirety as to Clark & Trevithick for lack of jurisdiction.

## ORDER

And now, September 1, 2005, upon consideration of the preliminary objections of defendant Clark & Trevithick, all responses in opposition, the respective memoranda, all matters of record, and in accordance with the memorandum opinion being filed contemporaneously with this order, it hereby is ordered and decreed that said preliminary objections are sustained and that plaintiffs' complaint is dismissed as to Clark & Trevithick for lack of personal jurisdiction.